SHAW, Justice
(concurring in the result).
I believe that the voir dire questions posed in this case were ambiguous and appeared to ask the veniremembers whether they had been defendants in a personal-injury lawsuit and not a lawsuit in general. Counsel queried: “How many of you have ever been defendants in a lawsuit? Had somebody sue you for personal injuries? And I’m not talking about a case like this. It could have been a car wreck.” Had counsel paused between the questions, then Juror D.O. would have answered after the first question was asked; instead, D.O. answered after counsel’s entire statement. This indicates to me that the above quotation was a continuous query made up of two questions and two explanatory sentences. The query could be viewed from two perspectives: counsel did not want to know about small-claims actions that did not involve “personal injuries” or a reasonable veniremember would have understood that nonpersonal-injury small-claims actions were not contemplated. Viewing the statement either way indicates that the juror’s failure to respond in this case was facially reasonable.
Another factor indicating that there was no probable prejudice in this case is the fact that the plaintiff — the estate — prevailed. I cannot conclude that the problematic juror’s presence on the jury in this case probably prejudiced the estate when that jury actually rendered a verdict in the estate’s favor. Although it could perhaps be argued that the problematic juror may have influenced the damages award, I note that the record contains an affidavit — presented by the estate — from the jury foreman dispelling that argument. See Seaboard Sys. R.R. v. Page, 485 So.2d 326, 329 (Ala.1986) (“It is well settled law in Alabama that while jurors may not impeach their own verdicts, they may by affidavit disclose facts to sustain their verdicts.”); Alabama Power Co. v. Brooks, 479 So.2d 1169, 1178 (Ala.1985) (“Neither testimony nor affidavits of jurors are admissible to impeach their verdicts; however, such evidence is admissible to sustain them.” (emphasis added)). Specifically, the foreman testified that all the jurors believed that Jo Ann Hood was liable, and an explanation of how the jury calculated the damages discounts any inference that a single juror’s possible bias influenced the final amount awarded.
The ambiguous nature of the voir dire questions, coupled with the award in the estate’s favor, leads me to conclude that the trial court exceeded its discretion in finding probable prejudice and in granting a new trial.
Because I would reverse the trial court’s order granting a new trial solely for the reasons stated herein, I see no need to address other issues. Therefore, I concur in the result.